Opinion of the Court, by
Judge Minns-
THE ancestor of the appellants, and on the death whom this suit was revived in the names of his claimed'the land'under -an entry of; Virginia and a grant issued by this Commonwealth after the separation,. and to assert title,, filed this hill, in the circuit* court, against the appellee, who also claimed it likewise under an entry of Virginia and a patent o£tha,i' State,, issued; previous to the separation.
The Statefdoes^' not confer on the Federal courts exclu-iion between citize»s of the same State, lamTumler grants from diíferent fore^’defen-<lant to a suit jn a Stale c_onjt> plead to the jurisdiction of the court.
Nor can the complainant, in such case, for anything in the constitution, have right to remove tire
Quero — Is the act of Congress for the removal of causes from the Stale t» tulionai?
*204 After answer filed, and the cause was nearly or per-baps entirely prepared for hearing, the appellants filed their petition, under the act of Congress, praying for the removal of the suit to the circuit conrt of the United States for this district, relying on the ground that the grants were issued by different States*
■ Their petition was at first granted, and bond and surety given for the removal of the suit. Afterward?, during the same term, the court re-considered the application, and rescinded the former order, and overruled the application, and afterwards proceeded to hear the cause on its merits, and dismissed the bill; from which decree this appeal is prayed, and the decision on the petition is assigued as error.
The constitution of the United States, in defining the of the Federal courts,- uses terms broad enou&^ t° give the Federal courts jurisdiction in such a cascb by the expressions, “between citizens of the same State, claiming lands under grants of difieren! States.” Still, however, such grant of jurisdiction is no^ exclusive-, and it never has been held, that where the parties were thus situated, the defendant could plead the matter to the jurisdiction of a State court, which had possession of the cause; and the courts of Ml the States have went on, when appealed to, and ex-ercised jurisdiction, so far as we are informed, in all ^le cases where jurisdiction was given to the Federal courts; and these different courts, by general practice, have supposed the jurisdiction to be concurrent. If a defendant could not. plead this matter and oust the State court of- its jurisdiction, much less ought a plain-tiff, under the constitution, first apply to the State court, an(j then c]aim a removal of the cause.
To authorise this to be done, an act of Congress has passed.
Whether the act of Congress could, by acting on this subject, make such a jurisdiction exclusive, especially after the Slate tribunal had possession of the cause, may be a question worthy of consideration, and one which no State court has yet, within our knowledge, made trial of, by refusing the application, when properly made.
We need not, however, enquire into it now, until we see whether the applicants in this instance have made out a case coming within the act; for if the case did *205 xxoí como up (o the act, the court below could not have erred in rescinding its first decision and retaining the cause, notwithstanding the afore-recited clause of the constitution.
The act doe. tlle party claiming un-£°'jnat^ant g‘tate whore the suit is pending, to causo, bc-cause his adversary another Stats
Twenty a”, knd., is a bar a-ij] re];ef fa equity,
B. Hardin and Crittenden, for appellants; Bibb, for appellee.
The requisitions of the act are express, that the par-tjf applying shall state to the court, and make affidavit, if they require it, that he claims and shall rely upon a right or title to the land, under a grant from a State other than that in which the suit is vending, and shall produce Hie original grant or an exemplification ol it.
Here, the complainant stated that he claimed the land under, and produced a grant from the same State fin which the suit was pending, while his adversary held under a grant from a different State; so that it lay in the mouth of his adversary, and not his own, to make the application. , , , , , . .
, , , , , I he provision is evidently founded upon the jealousy entertained of Stale tribunals, that they might be partial to the grants of their own Slate; and no provision exists, known to this court, which has attempted to take from State tribunals the right to proceed in cases where the applicant claims under a grant from the same State, as the complainant did in this instance.
it follows, then, that the court below erred in granting the application in the first instance, and acted correctly in reversing the decision whilp the record was in its-power.
The entry set up by the appellees, has not been questioned in argument, and is unquestionably a good one, and wc shall not recite it; for, among other matters of defence relied upon in the answer, twenty years’ adverse possession within the interference, has been set up; and although it is contended that the proof does not make out the defence, we think, when fairly weighed the fact is otherwise.
Since the case of Reed and Glenn vs. Bullock, &c. Litt. S. C. 510, and the series of cases which have followed it, of Braxdale vs. Speed, not reported; Wilson’s heirs vs. Bodley, 2 Litt, Rep. 55; Floyd’s heirs vs. Johnson’s heirs, 2 Litt. Rep. 109, as well as other cases, the question, in this State, must.be considered as conclusively'settled, that such adverse possession of twenty years must bar all relief.
The decree is, therefore, affirmed with costs.